United States District Court
Southern District of Texas
**ENTERED**
July 12, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| Anthony R. Jones,<br>    Plaintiff, | § § § | |
| vs. | § § | CIV. CASE NO. 7:22-cv-384 |
| U.S. Equal Employment Opportunity<br>Commission and Charlotte Burrows,<br>Chairwoman of the EEOC,<br>    Defendants. | § § § § § | |

## REPORT AND RECOMMENDATION

Plaintiff Anthony R. Jones has filed a complaint, as amended, alleging that the Equal Employment Opportunity Commission (EEOC) and Charlotte Barrows in her official capacity as chairwoman of the EEOC have violated his constitutional and statutory rights in processing an equal employment opportunity claim against a potential employer.[1] (Dkt. No. 4.) Jones represents himself and has been granted leave to proceed *in forma pauperis*. (Dkt. No. 5.) Currently pending before the court is the defendants' motion to dismiss. Jones has not filed a response and the deadline to do so has expired. The motion is ripe for disposition.

This case has been referred to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b). After carefully considering the pleadings, the defendants' motion to dismiss, the record, and the applicable law, the undersigned recommends that the motion to dismiss be **GRANTED** and that Jones' complaint be **DISMISSED**.

---

[1] The EEOC and Chairwoman Burrows will collectively be referred to as the "defendants."

## I. BACKGROUND

The facts in this section are taken from Jones' amended complaint and the allegations he presented at the hearing before the court on December 8, 2022.[2]

On October 11, 2022, Jones filed an "on-line inquiry" via the EEOC's public internet portal, alleging a violation of his First Amendment rights by a potential employer, a local pharmaceutical company. (Dkt. No. 4 at 2, 4; Dkt. No. 6 at 10–11.) Jones was assigned case number 524-2023-00067. (Dkt. No. 4 at 2, 4.) The EEOC portal directed Jones to make an appointment for a telephonic meeting with an EEOC employee who would discuss the basic elements of Jones' inquiry.[3] (*Id.* at 4.) Jones proceeded to the "make an[] appointment" section of the EEOC website. (*Id.* at 5.) Jones, however, was unable to schedule the appointment because all of the appointment timeslots were unavailable or "grayed out." (*Id.*)

On October 12, 2022, Jones called the EEOC and reached an EEOC call center representative. (*Id.*) Jones "explained the situation[] as it related to his inability to schedule an appointment" and "requested that the EEOC representative assist him with scheduling an appointment over the phone[.]" (*Id.*) The EEOC representative told Jones that she was unable to

---

[2] On December 8, 2022, the undersigned magistrate judge held a *Spears*-like hearing where Jones was given an opportunity to elaborate on his claims. Although typically used in proceedings involving *pro se* prisoners, a hearing under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), is an evidentiary hearing "in the nature of a [Federal Rule of Civil Procedure 12(e)] motion for more definite statement." *Spears*, 766 F.2d at 181–82. It is used to "flesh out the allegations" of the *pro se* litigant's complaint. *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996); *see also Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991) (explaining that a *Spears* hearing allows a plaintiff to "elaborate on often less than artfully-drafted pleadings").

[3] According to Jones' complaint, once an aggrieved individual files an inquiry, the individual has 45 days in which to meet with an EEOC counselor to discuss the individual's inquiry. (*See* Dkt. No. 4. at 2.) According to Jones, for the claim to proceed through the EEOC process, the meeting is mandatory; a failure to schedule the meeting will result in the dismissal of the EEOC "action." (*Id.* at 2–3.) The court observes, however, that the references to the Code of Federal Regulations Jones cites to in his pleading concern the procedures for an individual who wants to initiate a complaint against a federal agency, and not a private employer. *See generally* 29 C.F.R. § 1614.

2

help him and that the only way to make an appointment was via the online portal. (*Id.* at 6.) The representative instructed Jones to check the portal several times a day to see if anyone had cancelled their appointment, thereby freeing up the time slot. (*Id.*) According to Jones,

> The call center representative explained that, just prior to a[n] appointment, EEOC will contact each filer[] to verify that the filer still wants to pursue the matter. If the filer does not respond, or if the filer has decided not to pursue the inquiry, the appointment is automatically canceled and is made available to other filers . . . within the portal in an attempt to fill that appointment opening. That date is then placed back into the system as 'available,' which is signified by a "green box," rather than a gray box.

(*Id.*) After his phone call with the EEOC call center representative, Jones began to check the portal several times a day for approximately three days. (*Id.*) Jones was not able to make the appointment during this time. (*Id.*)

On October 16, 2022, Jones filed a complaint with the EEOC's Office of the Inspector General (OIG). (*Id.*) This complaint "outlined the unfair and presumably unlawful attempts to discourage [Jones] from making the appointment. [Jones] complained that it was not practical to require him to seek out this statutorily required appointment [i.e.,] requiring [Jones] to continuously log back into the EEOC portal, seeking the appointment." (*Id.* at 6–7.) Jones states that he has followed up several times on the complaint he filed with the OIG, but as of the date he filed his amended complaint, he has not received any response. (*Id.* at 7.)

Jones initiated this civil action on November 8, 2022, alleging that the defendants have violated the Fifth and Fourteenth Amendments to the United States Constitution. (Dkt. No. 1.) As noted above, Jones has since filed an amended complaint, which is the live pleading in this case. (*See* Dkt. No. 4.) In particular, Jones argues that "the EEOC's scheme [of requiring an individual who files an inquiry to schedule an appointment via the online portal] amounts to improper and unlawful burden shifting, giving rise to [Jones'] equal access complaint, thus alleging a deprivation

of his right to due process." (*Id.* at 3.) In addition to the alleged constitutional violations, he asserts that the defendants are unlawfully discriminating or failing to act as required by the Administrative Procedures Act (APA), 5 U.S.C. §§ 551–559; Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e–2000e-17; and 29 C.F.R. § 1614.105. (*Id.* at 1, 2, 7, 10.)

As relief, Jones seeks the following: (1) a declaration that the defendants' actions, policies, and practices as alleged in the pleadings are unlawful; (2) an order directing the defendants to schedule an appointment with Jones within seven days ; (3) an order that the 45-day time limit and 180-day time limit be tolled during the pendency of this action; and (4) an order enjoining the defendants "from engaging in the [un]lawful acts complained of" in the amended complaint. (*Id.* at 11.)

Because Jones had been granted leave to proceed *in forma pauperis*, the undersigned screened the complaint as required by 28 U.S.C. § 1915(e). (*See* Dkt. No. 8.) The court then ordered service of process on the defendants via the United States Marshal. (*Id.*) The defendants responded to the complaint by filing a motion to dismiss under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the court should dismiss Jones' claims because the court lacks subject matter jurisdiction and Jones has failed to state a claim on which relief may be granted. (Dkt. No. 10.) Jones has not responded to the motion and the time to do so has expired. The motion to dismiss is ripe for disposition.

## II. STANDARD OF REVIEW

### A. Motion to Dismiss Under Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir.

4

2005)). A motion to dismiss for lack of subject-matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013). The court must "take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *In re Mirant Corp.*, 675 F.3d 530, 533 (5th Cir. 2012).

**B.     Motion to Dismiss Under Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) may be granted if the pleading "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion, courts generally must accept the factual allegations contained in the complaint as true. *See Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (citing *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986)). Federal rules require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). Under this standard, the court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true[,]" and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington*, 563 F.3d at 147 (internal citations and quotation marks omitted).

**C.     Pleadings by Self-Represented Litigants**

In reviewing the pleadings, the court is mindful that Jones represents himself. Courts construe self-represented litigants' pleadings under a less stringent standard of review. *Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even under this lenient standard, a self-represented plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft*, 556 U.S. at 678 (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* No matter how well-pleaded the factual allegations may be, they must reveal that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

### III. ANALYSIS

#### A. The Defendants' Rule 12(b)(1) Motion

The defendants argue that Jones' complaint must be dismissed because the court lacks subject matter jurisdiction over Jones' claims against the EEOC. (*See* Dkt. No. 10 at 6–15.) The defendants assert that the EEOC and Chairwoman Burrows are immune from suit pursuant to the doctrine of sovereign immunity, and that none of Jones' alleged cause of actions confer jurisdiction on the court.

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The party invoking the jurisdiction of a federal court bears the burden of demonstrating that jurisdiction exists. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). A district court may assess subject matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or

6

(3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (citing *Ramming*, 281 F.3d at 161).

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (explaining that "[s]overeign immunity is jurisdictional in nature"); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Lewis v. Hunt*, 492 F.3d 565, 570 (5th Cir. 2007) ("In order to hale the federal government into a court proceeding, a plaintiff must show that there has been a valid waiver of sovereign immunity."). "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *Doe v. United States*, 853 F.3d 792, 796 (5th Cir. 2017) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). "[A] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign.'" *Id.* (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)). Thus, Jones may proceed with his claims only if the United States has waived its sovereign immunity for the claims being asserted.

Jones seeks injunctive and declaratory relief for alleged violations of his constitutional rights under the Fifth and Fourteenth Amendment by the EEOC and by Ms. Burrows in her official capacity as Chair of the EEOC. Jones also argues that his rights were violated under Title VII, under 29 C.F.R. § 1614.105, and under the APA. Jones does not allege a waiver of sovereign immunity in his pleadings.

Jones claims that this court has jurisdiction of his claims pursuant to 28 U.S.C. § 1331. (Dkt. No. 4 at 4.) Although § 1331 provides original jurisdiction over cases concerning federal questions, the statute does not waive the federal government's sovereign immunity. *Beale v.*

*Blount*, 461 F.2d 1133, 1138 (5th Cir. 1972) ("Section[] 1331 . . . Title 28, United States Code, may not be construed to constitute [a] waiver[] of the federal government's defense of sovereign immunity.") (citation omitted); *Garcia v. United States*, 666 F.2d 960, 966 (5th Cir. 1982). Accordingly, § 1331 does not confer jurisdiction for Jones' claims to proceed further.

Nor does Title VII establish a jurisdictional basis for Jones' claims against the EEOC or its employees in their official capacities. The Fifth Circuit has "held that Title VII does not confer on a charging party a right of action against the EEOC.'" *Newsome v. E.E.O.C.*, 301 F.3d 227, 232 (5th Cir. 2002) (citing *Gibson v. Mo. Pac. R.R.*, 579 F.2d 890, 891 (5th Cir. 1978)); *see also Stiles v. E.E.O.C.*, 96 F.3d 1443, 1996 WL 511944, at *1 (5th Cir. Aug. 22, 1996) (per curiam) ("Title VII of the Civil Rights Act of 1964 does not confer any right of action against the EEOC for challenges to its processing of a claim.") (citing *Gibson*, 579 F.2d at 891); *Jones v. EEOC*, No. 3:21-cv-1953-E-BN, 2021 WL 3917007, at *2 (N.D. Tex. Aug. 24, 2021) (citations omitted) ("The EEOC cannot be sued unless it is being sued as an employer . . . Title VII does not vest federal courts with jurisdiction over suits against the EEOC for other causes, such as agency inaction. . . . Because plaintiff's claim against the EEOC does not implicate the EEOC as a former employer, this Court has no subject matter jurisdiction over the claim."), *R&R adopted by*, 2021 WL 3914039 (N.D. Tex. Sept. 1, 2021), *aff'd*, No. 21-10914, 2021 WL 5444736 (5th Cir. Nov. 19, 2021).

Similarly, Jones' lawsuit cannot proceed under 29 C.F.R. § 1614.105 because—as pointed out by the defendants—an agency cannot confer jurisdiction on a federal court through passage of a regulation. *See, e.g., Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("[P]rivate rights of action to enforce federal law must be created by Congress.") (citation omitted); *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004) ("Only Congress may determine a lower federal court's subject-matter jurisdiction.") (citing U.S. Const., Art. III, § 1). As explained by a U.S. District Court in

Oklahoma: "Regulations set out in the Code of Federal Regulations are intended to provide codified rules for the executive departments and agencies of the federal government; while the regulations are judicially noticeable, they do not constitute a basis for conferring subject matter jurisdiction on this court." *Adams v. Califano*, 450 F. Supp. 544, 545 (E.D. Okla. 1978); *see also Reynolds v. PBG Enters. LLC*, Civil Action No. 10-4373, 2011 WL 2678589, at *2 n.6 (E.D. Pa. July 6, 2011) ("Regulations . . . do not independently create actionable personal rights where the organic statute does not . . . .") (citing cases); *Winkle v. Loranger*, No. 3:14-cv-20, 2014 WL 1884324, at *2 (S.D. Ohio May 9, 2014) (explaining that "the Code of Federal Regulations . . . do not create private rights of action"). In short, any claim that the EEOC did not follow its own rules or regulations does not create a private right of action.

Finally, the APA does not waive the United States' sovereign immunity for Jones' claim that he is unable to schedule an appointment with the EEOC. Section 704 of the APA allows for judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court . . . ." 5 U.S.C. § 704. To bring a claim under § 704, "a plaintiff must challenge *final* agency actions." *Alexander v. Trump*, 753 F. App'x 201, 206 n.4 (5th Cir. 2018) (emphasis in original) (citing 5 U.S.C. § 704). The court lacks jurisdiction to hear Jones' claim against the defendants under the APA because the EEOC's dismissal of an aggrieved individual's EEOC complaint—let alone a plaintiff's contention that they are having difficulties in scheduling an interview as part of the EEOC's charge review process—is not a final agency action. *See Newsome*, 301 F.3d at 232 (holding that no review was available under the APA because the EEOC's dismissal of the plaintiff's discrimination charge did not constitute a final agency action); *LaMarca v. United States*, 34 F. Supp. 3d 796, 804 (N.D. Ohio 2014) ("In the absence of a 'final agency action' under the APA, the district court does not have subject matter

jurisdiction over the claim.") (citation omitted); *Reeves v. DSI Security Servs.*, Civil Action No. 1:07cv616-MHT, 2008 WL 11363708, at *2 (M.D. Ala. Feb. 28, 2008) (holding that the court lacked subject matter jurisdiction over plaintiff's claim against the EEOC under the APA because the EEOC's action in investigating and mediating the plaintiff's charge of discrimination was not a final agency action), *R&R adopted by*, 2008 WL 11363711 (M.D. Ala. Mar. 21, 2008). Further, EEOC decisions are not made reviewable by statute because "the EEOC's negligence or inaction in the internal processing of a complaint has no determinate consequences . . . ." *Ward v. E.E.O.C.*, 719 F.2d 311, 313–14 (9th Cir. 1983) (citing *Georator Corp v. EEOC*, 592 F.2d 765, 767–68 (4th Cir. 1979)); *see also Adams v. E.E.O.C.*, Civil No. 10-3028, 2010 WL 2606468, at *2 (W. D. Ark. Mar. 26, 2010), *R&R adopted by*, 2010 WL 2606473 (W.D. Ark. June 28, 2010); *Louis v. Seaboard Marine, Ltd.*, Case No. 10-22719-CIV, 2012 WL 13071837, at *13 (S.D. Fla. Jan. 27, 2012), *R&R adopted by*, 2012 WL 13071863 (S.D. Fla. Feb. 27, 2012).

In short, Jones has not alleged, and the court has not found, that the EEOC has waived its sovereign immunity with respect to claims like Jones'. Without a waiver of sovereign immunity, the court lacks subject-matter jurisdiction to hear a suit against the United States and its officials. Jones, therefore, is precluded from bringing suit and this action must be dismissed for lack of subject matter jurisdiction.

**B.     The Defendants' Rule 12(b)(6) Motion**

The defendants assert that even assuming that the court has subject matter jurisdiction over Jones' complaint against the EEOC, the complaint should be dismissed under Rule 12(b)(6) because Jones has failed to state a claim against the defendants upon which relief can be granted. The defendants argue that for Jones to state an actionable claim against the EEOC, he must demonstrate that Congress granted a right of action against the EEOC. The defendants further

10

argue that Jones, who is not an employee of the EEOC, cannot assert a right to a remedy against the EEOC because no such remedy exists under the APA, Title VII, 29 C.F.R. § 1614.105, or the Fifth and Fourteenth Amendments to the United States Constitution. (Dkt. No. 10 at 15.) The court agrees with the defendants that Jones has failed to state a claim on which relief may be granted.

First, Jones has alleged that the defendants have violated his rights to due process and equal protection as protected by the Fourteenth Amendment. The Fourteenth Amendment, however, applies only to state actors, not federal actors; thus, Jones cannot bring a Fourteenth Amendment claim against the EEOC or Ms. Burrows in her official capacity. *See Jones v. EEOC*, No. 21-10914, 2021 WL 5444736, at *2 (5th Cir. Nov. 19, 2021) (citing *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954)); *Newsome v. EEOC*, 37 F. App'x 87, 2002 WL 971379, at *4 (5th Cir. 2002) (per curiam); *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1153 (5th Cir. 2021) ("The Fourteenth Amendment applies only to state actors.").

Second, Jones has also failed to state a claim under the Fifth Amendment to the United States Constitution because there is no private right of action against the EEOC for an alleged Fifth Amendment due process violation based on the EEOC's investigation or resolution of a claim. *See, e.g., Gorczakoski v. E.E.O.C.*, 1 F.3d 1231, 1993 WL 302386, at *1 (1st Cir. Aug. 9, 1993) ("It is well established that Congress has not authorized—either expressly or impliedly, either in Title VII or elsewhere—'a cause of action directly against the EEOC for misprocessing of claims asserted against third-party employers.'") (quoting *Scheerer v. Rose State Coll.*, 950 F.2d 661, 662–63 (10th Cir. 1991)); *Francis-Sobel v. Univ. of Me.*, 597 F.2d 15, 18 (1st Cir. 1979) ("[W]ere we to find that the right to EEOC assistance is protected by an implied right of action found in the Fifth Amendment, then every federal bureaucrat would be subject to judicial review of the most

minute aspects of his responsibilities as they affect members of the public."); *Milhous v. EEOC*, 145 F.3d 1332, 1998 WL 152784, at *1 (6th Cir. 1998) (holding that there is no cause of action for a violation of plaintiff's civil rights based on the EEOC's alleged mishandling of her discrimination complaint); *Stewart v. EEOC*, 611 F.2d 679, 681 (7th Cir. 1979) (rejecting plaintiff's claim that Fifth Amendment rights had been violated). Furthermore, although federal agencies may be liable for due process violations committed in the course of performing their functions if those functions are adjudicatory, *see Hannah v. Larche*, 363 U.S. 420, 442 (1960), several courts have held that the EEOC has no adjudicatory power and therefore its proceedings do not violate the Fifth Amendment. *See, e.g.*, *Quinones v. N.Y.C. Comm'n on Human Rights*, 201 F.3d 432, 1999 WL 1295355, at *1 (2d Cir. Dec. 22, 1999) (affirming district court's conclusion that "plaintiff could not state a claim against the EEOC for denial of due process because the EEOC's actions were not adjudicative and did not ultimately affect her rights"); *Connor v. U.S. E.E.O.C.*, 736 F. Supp. 570, 573 (D.N.J. 1990) ("Several circuit courts have held that EEOC proceedings do not violate the Fifth Amendment, as the EEOC has no adjudicatory power.") (citing cases); *Adams v. U.S. E.E.O.C.*, 942 F. Supp. 660, 665 (E.D. Pa. 1996) (dismissing plaintiff's claim that the EEOC's failure to hold a hearing violated his Fifth Amendment rights because the EEOC is not an adjudicative body).

Next, Jones has failed to state a claim under Title VII because Title VII does not provide individuals a cause of action against the EEOC based on the EEOC's processing of a claim. *See Jones*, 2021 WL 5444736, at *2; *Stiles*, 1996 WL 511944, at *1 ("Title VII of the Civil Rights Act of 1964 does not confer any right of action against the EEOC for challenges to its processing of a claim.") (citing *Gibson*, 579 F.2d at 891); *Gorczakoski*, 1993 WL 302386, at *1. And, as discussed earlier, "the Code of Federal Regulations . . . do[es] not create private rights of action." *Winkle*,

2014 WL 1884324, at *2; *see also Reynolds*, 2011 WL 2678589, at *2 & n.6. Jones has failed to state a claim upon which relief may be granted under Title VII and under 29 C.F.R. § 1614.105.

Last, Jones has failed to state a valid claim under the APA. As discussed above, section 704 of the APA allows for judicial review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court . . . ." 5 U.S.C. § 704. To bring a claim under § 704, "a plaintiff must challenge *final* agency actions." *Alexander*, 753 F. App'x at 206 n.4 (emphasis in original) (citing 5 U.S.C. § 704). "Final agency actions are actions which (1) mark the consummation of the agency's decisionmaking process, and (2) by which rights or obligations have been determined, or from which legal consequences will flow." *Alexander*, 753 F. App'x at 206 n.4 (cleaned up); *see also Newsome*, 301 F.3d at 232 (citing *Bennett v. Spear*, 520 U.S. 154, 177 (1997)). "The final action must be 'an identifiable action or event.'" *Alexander*, 753 F. App'x at 206 n.4 (quoting *Sierra Club v. Peterson*, 228 F.3d 559, 565 (5th Cir. 2000)). Here, Jones does not allege that the defendants have undergone a decisionmaking process or otherwise made a final determination; to the contrary, he argues that he is experiencing difficulty with the logistics of scheduling an interview with an EEOC counselor. Jones has failed to a state a claim and his APA claim should be dismissed. *See, e.g., Uberoi v. EEOC*, 180 F. Supp. 2d 42, 45 (D.D.C. 2001) (cleaned up) ("[T]he APA is inapplicable to challenges of EEOC investigations, for the EEOC's negligence or inaction in the internal processing of a complaint has no determinate consequences because such actions are merely preparatory to a lawsuit by either the EEOC or the charging party in federal district court[, and] only the district court may fix liability.").

## IV. CONCLUSION

After careful review of the record and relevant law, the undersigned recommends that the defendants' motion to dismiss the plaintiff's amended complaint pursuant to Rule 12(b)(1) and (6) be **GRANTED** (Dkt. No. 10) and that the civil action filed by Anthony R. Jones be **DISMISSED**.

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

**SIGNED** at McAllen, Texas, this 12th day of July 2023.

Juan F. Alanis
United States Magistrate Judge